[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 21, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10701
Non-Argument Calendar

_____

D. C. Docket No. 08-10019-CR-JLK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARAMIS PENATE SIGLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 21, 2009)

Before DUBINA, Chief Judge, TJOFLAT and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant Aramis Penate Sigler appeals his 46-month sentence for conspiracy to encourage or induce aliens to enter the United States. Sigler first argues on appeal that the district court erred in applying a two-level enhancement for reckless endangerment during flight, pursuant to U.S.S.G. § 3C1.2, because there was no evidence that he actively caused or procured his codefendant's actions in fleeing from law enforcement. He further argues that the district court failed to articulate specific factual findings, based on the record, supporting its conclusion that he actively caused or procured the reckless behavior of his codefendant.

Sigler also asserts that the district court engaged in impermissible double-counting in determining his sentence, using evidence of reckless endangerment during flight to enhance his sentence under both U.S.S.G. § 2L1.1(b)(6) and U.S.S.G. § 3C1.2. Sigler did not raise this argument in the district court.

## I.

"The standard of review for improper factual findings is clear error, while the application of the law to those facts by the trial court, such as its interpretation and application of the United States Sentencing Guidelines, is reviewed de novo." *United States v. Cook*, 181 F.3d 1232, 1233 (11th Cir. 1999) (citations omitted).

Sentencing Guidelines § 3C1.2 provides: "If the defendant recklessly created

a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, increase by 2 levels." U.S.S.G. § 3C1.2. The note to § 3C1.2 states: "Under this section, the defendant is accountable for his own conduct and for conduct that he aided or abetted, counseled, commanded, induced, procured, or wilfully caused." *Id.* cmt. n.5. The government has the burden to demonstrate, by a preponderance of the evidence, that the defendant's conduct satisfies the standard set forth in Application Note 5. *Cook*, 181 F.3d at 1236. Further, we have held that, where a § 3C1.2 enhancement is applied, the district court must support its decision with "a specific finding, based on the record before it, that the defendant actively caused or procured the reckless behavior at issue." *Id.* (internal quotation marks omitted). "The district court's factual findings for purposes of sentencing may be based on, among other things, evidence heard during trial, undisputed statements in the PSI, or evidence presented during the sentencing hearing." *United States v. Polar*, 369 F.3d 1248, 1255 (11th Cir. 2004).

Based on our review of the record, we conclude that the district court erred when it applied the two-level enhancement under § 3C1.2 because it failed to articulate specific findings regarding whether Sigler actively caused the high-speed flight from the Coast Guard, or aided and abetted his codefendant's conduct. Because the district court's failure to make specific findings precludes meaningful

3

appellate review, we vacate the district court's ruling on this enhancement and remand the case for the district court to make more specific findings.

## II.

We review *de novo* a double-counting claim. *United States v. Matos-Rodriguez*, 188 F.3d 1300, 1310 (11th Cir. 1999). Where, as here, the claim was not preserved, we review only for plain error. *United States v. De La Garza*, 516 F.3d 1266, 1269 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 1668 (2009).

> Under plain error review, there must be (1) an error, (2) that is plain, (3) that affects the defendant's substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* For an error to affect substantial rights, 'in most cases it means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings.' *United States v. Olano*, 507 U.S. 725, 734, 113 S. Ct. 1770, 1778, 123 L. Ed. 2d 508 (1993). The defendant has the burden of persuasion as to prejudice. *United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir.2005).

*Id.* at 1269.

"Double counting during sentencing is permissible if the Sentencing Commission intended the result, and if the result is permissible because each section concerns conceptually separate notions related to sentencing. Further, this court presumes the Sentencing Commission intended to apply separate guideline sections cumulatively, *unless* specifically directed otherwise." *Matos-Rodriguez*,

188 F.3d at 1310 (internal quotation marks omitted). When acts of reckless conduct are temporarily and spatially separated, an enhancement based on separate guidelines provisions is permissible. *Id.* at 1312.

The guidelines provide: "If the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person, increase by 2 levels, but if the resulting offense level is less than 18, increase to level 18." U.S.S.G. § 2L1.1(b)(a). The guidelines also provide: "If the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, increase by 2 levels." U.S.S.G. § 3C1.2.

To avoid impermissible double-counting for the same conduct, the guidelines state: "If subsection (b)(6) applies solely on the basis of conduct related to fleeing from a law enforcement officer, do not apply an adjustment from §3C1.2 (Reckless Endangerment During Flight)." U.S.S.G. § 2L1.1 cmt. n.5.

The record reveals that the district court did not rely upon the same reckless endangerment conduct in applying enhancements under both § 2L1.1(b)(6) and § 3C1.2 here. Thus, there was no impermissible double-counting. With respect to § 2L1.1(b)(6), the district court's application of the enhancement was supported by the reckless and dangerous situation on the vessel that there was only one life

jacket available for 22 people on the boat. In contrast, the district court's enhancement under § 3C1.2 was based on the Coast Guard's hour-long chase of the defendants, who were evading law enforcement officials and the injuries resulting from that flight. Sigler has therefore not demonstrated plain error in this regard.

For the above-stated reasons, we affirm Sigler's sentence in part, and vacate and remand it in part.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**